IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| BRUCE HAMILTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-257-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DOCTOR MAY S. URRY, DOCTOR HIREN T. RANA, HOLLIDAY PARK MEDICAL CENTER, FAIRVIEW TRAINING CENTER, PORTLAND POLICE BUREAU, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

KING, Judge:

Plaintiff Bruce Hamilton moves to proceed in forma pauperis (#1). An examination of the application reveals that he is unable to afford the costs of this action. Accordingly, Hamilton is granted in forma pauperis status. This action may go forward without the payment of the filing fee. I am not going to order the United States Marshal's Service to serve process, however.

Page 1 - OPINION AND ORDER

At any time, a court shall dismiss sua sponte a complaint filed in forma pauperis if the court determines that:

(A) the allegation of poverty is untrue; or

(B) the action or appeal –

(I) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827 (1989). The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt. Morrison v. Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

Although the statute requires a district court to dismiss an in forma pauperis complaint that fails to state a claim, the court retains discretion on whether to allow leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). In addition, the court may dismiss an action where a defense is complete and obvious on the face of the pleadings or the court's own records. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

Hamilton alleges that in 1990 he was taken to Holliday Park Medical Center ("Holliday") on a police hold. During his stay there, Hamilton was unconscious for a period, was operated on without his consent, and was diagnosed as an acute schizophrenic. He ripped up the original medical records of his stay. When Hamilton tried to obtain duplicate records, he could only get a partial copy which had been falsified. To understand everything that happened during the hospitalization, Hamilton seeks his medical records under the Freedom of Information Act.

Hamilton's Complaint fails to state a claim for several reasons.  First, the Freedom of Information Act only applies to some agencies of the federal government:

> Each agency shall make available to the public information as follows: . . . .

5 U.S.C. § 552(a).

> "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include –
>
> (A)  the Congress;
>
> (B)  the courts of the United States; . . . .

5 U.S.C. § 551(1).

Hamilton sues Holliday, two doctors, Fairview Training Center, and the Portland Police Bureau.  None of the defendants have any obligations under the Freedom of Information Act.

Second, assuming that Hamilton also means to allege a medical malpractice or battery claim, or a § 1983 claim against the police, the statute of limitations have run so his Complaint is untimely.  Hamilton's hospital stay was in 1990.  Actions for battery have a two-year statute of limitations, as does a civil rights claim under § 1983.  ORS 12.110(1); <u>Sain v. City of Bend</u>, 309 F.3d 1134, 1139 (9th Cir. 2002) (§ 1983).  Medical malpractice actions must also be brought within two years except

> every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered.

ORS 12.110(4).

Page 3 - OPINION AND ORDER

The statute of ultimate repose only allows ten years: "In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of." ORS 12.115. Hamilton's allegations concern an event that took place more than 15 years ago.

Accordingly, I must dismiss his Complaint. I also conclude that any amendment would be futile. This action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this ___6th___ day of March, 2006.

        /s/ Garr M. King
        Garr M. King
        United States District Judge